UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PETER A. HUNTER,

    Petitioner,

v.

    Case No. 2:16-cv-506
    JUDGE MICHAEL H. WATSON
    Magistrate Judge King

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On April 25, 2017, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice as unexhausted, unless Petitioner notified the Court that he wishes to delete his unexhausted claim of constitutional insufficiency of the evidence and proceed solely on his remaining, exhausted, claims. *Report and Recommendation*, ECF No. 8. Petitioner objects to that recommendation. *Objection*, ECF No. 9. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF No. 9, is **OVERRULED**. The *Report and Recommendation*, ECF No. 8, is **ADOPTED** and **AFFIRMED**. Petitioner shall notify the Court, within fourteen (14) days, if he wishes to delete his unexhausted claim of constitutional insufficiency of the evidence and proceed on his remaining, exhausted, claims. Petitioner's failure to

so notify the Court will result in the dismissal of this action, without prejudice, as unexhausted.

The record establishes that Petitioner raised a claim of insufficiency of the evidence on direct appeal. Petitioner did not, however, pursue an appeal from that decision to the Ohio Supreme Court. As the Magistrate Judge noted, Petitioner may still pursue a motion for a delayed appeal from that decision to the Ohio Supreme Court. See Ohio S. Ct. Prac. R. 7.01(A)(4). Accordingly, Petitioner has not exhausted this claim.

In his objections, Petitioner insists that he exhausted his claim of insufficiency of the evidence by presenting that claim in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He maintains that he can no longer file an appeal regarding that claim in the Ohio Supreme Court, and he therefore requests a ruling on the merits of all his claims. However, a claim of insufficiency of the evidence is not properly presented to the state courts in Rule 26(B) proceedings because those proceedings address only claims of the ineffective assistance of appellate counsel. Although Petitioner argued in his Rule 26(B) application that his appellate attorney had performed in a constitutionally ineffective manner by failing to raise a claim regarding the insufficiency of the evidence, the appellate court denied Petitioner's Rule 26(B) application, noting that "appellate counsel *did* challenge the sufficiency of the evidence and a review of our decision reveals that this court addressed such challenge." *Memorandum Decision*, ECF No. 6-1, PageID# 247 (emphasis in the

original). In his notice of appeal from that decision, Notice of Appeal, ECF No. 6-1, PageID# 254, Petitioner explicitly indicated that he intended to appeal the appellate court's decision denying his Rule 26(B) application. *Id.* (PageID# 255; 257). However, because this claim was not properly raised in a Rule 26(B) application and because Petitioner may yet pursue a motion for a delayed appeal to the Ohio Supreme Court from the appellate court's denial of this claim in his direct appeal, this claim remains unexhausted.

Petitioner's Objection, ECF No. 9, is **OVERRULED**. The Report and Recommendation, ECF No. 8, is **ADOPTED** and **AFFIRMED**. Petitioner shall notify the Court, within fourteen (14) days, if he wishes to delete his unexhausted claim of constitutional insufficiency of the evidence and proceed on his remaining, exhausted, claims. Petitioner's failure to so notify the Court will result in the dismissal of this action, without prejudice, as unexhausted.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT